IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BIG BIRDS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CC BEAUTY COLLECTION INC., et al.,<br><br>    Defendants. | Civil Action No.: GLR-19-3594 |

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Defendants' CC Beauty Collection Inc., Performance Brands, Inc., Christine Medrick, and Stacy Kaufman's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, and for Failure to State a Claim or, in the Alternative, to Transfer (ECF No. 34).[1] The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons set forth below, the Court will grant the Motion for lack of personal jurisdiction.

---

[1] Also pending before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, and for Failure to State a Claim or, in the Alternative, to Transfer (ECF No. 23). Because Plaintiff Big Birds, LLC ("Big Birds") filed an Amended Complaint thereafter, the original Motion to Dismiss will be dismissed as moot. See Due Forni LLC v. Euro Rest. Sols., Inc., No. PWG-13-3861, 2014 WL 5797785, at *2 (D.Md. Nov. 6, 2014) (quoting Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5 (D.Md. May 30, 2014)) (explaining that an amended complaint generally moots a pending motion to dismiss the original complaint because the original complaint is superseded).

## I.     BACKGROUND

Plaintiff Big Birds, LLC ("Big Birds") is a Maryland-based reseller of authentic consumer goods that are sold through "Helpful Hippos," a storefront on Amazon.com. (Am. Compl. ¶¶ 1, 37–38, ECF No. 33). Big Birds resells, among other products, Pure Brazilian beauty products (the "Products"), which are manufactured, advertised, and distributed by two Florida-based companies: CC Beauty Collection Inc. ("CC Beauty"), owned by Christine Medrick, and Performance Brands, Inc. ("Performance"), owned by Stacy Kaufman. (Id. ¶¶ 2–9, 12, 36). Amazzia, who is not a party to this litigation, is a company that provides Amazon-related services to Performance in connection with Pure Brazilian product sales. (Id. ¶ 20).

Big Birds alleges that, in an attempt to preclude third-party resellers like Big Birds from profiting on the Products, Defendants filed four complaints with Amazon asserting that Big Birds was selling counterfeit Products, which resulted in the suspension of Big Bird's Product sales. (Id. ¶¶ 54, 69, 83–85). Specifically, Big Birds alleges that CC Beauty and Performance directed Amazzia to file complaints with Amazon against Pure Brazilian resellers, including Big Birds. (Id. ¶¶ 34, 81). Upon receiving the complaints, Big Birds contacted Amazon to challenge Defendants' counterfeiting allegations, but Amazon refused to reinstate Big Bird's Product listings on its e-commerce platform. (Id. ¶¶ 88–94).

On December 18, 2019, Big Birds sued Defendants, alleging: declaratory judgment (Count I); false or misleading representation and unfair competition pursuant to 15 U.S.C. § 1125 (Count II); unfair competition pursuant to Maryland common law (Count III); tortious interference with contract and business relations (Count IV); defamation (Count

2

V); and trade libel (Count VI). (Compl. ¶¶ 77–156, ECF No. 1). On February 12, 2020, Defendants filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim. (ECF No. 23). Big Birds filed an Amended Complaint on March 4, 2020, supplementing its jurisdictional allegations. (ECF No. 33). Defendants filed a Motion to Dismiss the Amended Complaint on March 18, 2020. (ECF No. 34). On June 24, 2020, Big Birds filed an Opposition. (ECF No. 36). Defendants filed a Reply on July 22, 2020. (ECF No. 46).

## II.   DISCUSSION

**A.   Motion to Dismiss for Lack of Personal Jurisdiction**

**1.   Standard of Review**

Defendants argue that the Amended Complaint fails to establish this Court's authority to exercise personal jurisdiction over Defendants. When a court's power to exercise personal jurisdiction over a nonresident defendant is challenged by a motion under Fed.R.Civ.P. 12(b)(2), "the jurisdictional question is to be resolved by the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993)). If the existence of jurisdiction turns on disputed facts, the court may resolve the challenge after a separate evidentiary hearing, or may defer ruling pending receipt at trial of evidence relevant to the jurisdictional question. Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989). If the court chooses to rule without conducting an evidentiary hearing, relying solely on the basis of the complaint, affidavits, and discovery materials, "the plaintiff need only make a prima facie showing of personal jurisdiction." Carefirst, 334 F.3d at 396; see also Mylan,

2 F.3d at 60; Combs, 886 F.2d at 676. In determining whether the plaintiff has proven a prima facie case of personal jurisdiction, the court "must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in the plaintiff's favor." Mylan, 2 F.3d at 60; Carefirst, 334 F.3d at 396.

Absent a federal statute specifying different grounds for personal jurisdiction, federal courts may exercise jurisdiction in the manner provided by state law. Fed.R.Civ.P. 4(k)(1)(A). "[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment."[2] Carefirst, 334 F.3d at 396. Maryland's long-arm statute, Md. Code Ann., Cts. & Jud. Proc. § 6-103 (2018), authorizes the exercise of personal jurisdiction to the limits permitted by the Due Process Clause of the Fourteenth Amendment. See ALS Scan, Inc. v. Dig. Serv. Consultants, Inc., 293 F.3d 707, 710 (4th Cir. 2002); Base Metal Trading, Ltd. v. OJSC

---

[2] Big Bird asserts that this Court has jurisdiction over Defendants pursuant to § 6-103(b)(1) and (4) of Maryland's Long Arm Statute, which authorize the court to exercise jurisdiction over persons transacting business within the State of Maryland and over individuals who cause "tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue . . . in the State." Md. Code Ann., Cts. & Jud. Proc. § 6–103(b)(1), (4).

As to § 6-103(b)(1), Big Birds argues that Defendants transact business in Maryland by, among other things, engaging in significant advertising, marketing, sales, shipments, and distribution of goods into Maryland through interactive websites. As to § 6-103(b)(4), Big Birds argues that Defendants' intentional filing of false counterfeit reports caused tortious injury—i.e., revenue loss—to Big Birds, and that Defendants knew or should have known that Big Birds is located in Maryland.

"Novokuznetsky Aluminum Factory", 283 F.3d 208, 212–13 (4th Cir. 2002). That broad reach does not suggest that analysis under the long-arm statute is irrelevant. Rather, it merely reflects that, "to the extent that a defendant's activities are covered by the statutory language, the reach of the statute extends to the outermost boundaries of the due process clause." Dring v. Sullivan, 423 F.Supp.2d 540, 545 (D.Md. 2006) (quoting Joseph M. Coleman & Assocs., Ltd. v. Colonial Metals, 887 F.Supp. 116, 118–19 n.2 (D.Md. 1995)). A court's exercise of jurisdiction over a nonresident defendant comports with due process if the defendant has "minimum contacts" with the forum, such that to require the defendant to defend its interests in that state "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Personal jurisdiction may be specific or general. Under Armour, Inc. v. Battle Fashions, Inc., 294 F.Supp.3d 428, 433 (D.Md. 2018). If the defendant's contacts with the forum state form the basis for the suit, they may establish specific jurisdiction. Id. On the other hand, general jurisdiction exists where a defendant's contacts with the forum state are "continuous and systematic." Id. Here, Big Birds only argues that this Court has specific jurisdiction over Defendants.[3] Thus, the Court will limit its analysis accordingly.

---

[3] In their Motion, Defendants argue that this Court has neither specific nor general jurisdiction over Defendants. Big Birds only defends its specific jurisdiction allegation in its Opposition, effectively conceding that this Court does not have general jurisdiction over Defendants. See Muhammad v. Maryland, No. ELH-11-3761, 2012 WL 987309, at *1 n.3 (D.Md. Mar. 20, 2012) ("[B]y failing to respond to an argument made in a motion to dismiss, a plaintiff abandons his or her claim.").

**2.    Analysis**

To determine whether specific jurisdiction exists, a court must consider (1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiff's claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." Carefirst, 334 F.3d at 397; see also Helicopteros Nacionales de Colom., S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984); ALS Scan, 293 F.3d at 711–12. If, and only if, the plaintiff has satisfied the first prong, will the Court consider the second and third prongs. Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 278 (4th Cir. 2009).

In assessing the extent to which a corporation purposefully availed itself of the privilege of conducting business in a forum, the Court considers the following non-exhaustive list of factors: first, whether the defendant maintains offices or a registered agent in the forum state; second, whether the defendant owns any property in the forum; third, the extent to which the defendant solicits or initiates business in the state; fourth, whether the defendant "deliberately engaged in significant or long-term business activities" in the state; and fifth, whether the defendant made in-person contact with residents regarding a business relationship.[4] Id.

---

[4] Additional factors include "the nature, quality[,] and extent of the parties' communications about the business being transacted," whether the parties contractually agreed that any disputes would be governed by the law of the forum state, and "whether the performance of contractual duties was to occur within the forum." Consulting Eng'rs Corp., 561 F.3d at 278. Because the parties to this litigation do not have a business relationship governed by a contract, these factors are irrelevant to the Court's analysis and will not be considered.

Defendants argue that the above factors weigh decisively in their favor. The Court agrees. First, CC Beauty and Performance neither maintain their principal place of business in Maryland nor have a registered agent in Maryland. (Feb. 10, 2020 Kaufman Decl. ¶¶ 11–12, 20–21, ECF No. 34-2). To the contrary, both are incorporated in Florida and maintain their principal places of business in Sunrise, Florida. (Id. ¶¶ 13, 20; see also Am. Compl. ¶¶ 2, 7).

Second, neither company owns property or operates offices in Maryland. (Feb. 10, 2020 Kaufman Decl. ¶¶ 12, 21). Performance has only one office in Florida, and CC Beauty operates a second office in Los Angeles, California. (Id. ¶¶ 13, 20). As a result, neither company has employees or agents in Maryland. (Id. ¶¶ 12, 21).

Third, CC Beauty and Performance do not solicit or initiate business in the State of Maryland. (Id. ¶¶ 12, 21). This is true even though both companies operate websites that may be accessible to Maryland residents. This Court has held that "the mere act of placing information on the Internet is not sufficient by itself to subject [the defendant] to personal jurisdiction in each State in which the information is accessed." Mike's Train House, Inc. v. Metro. Transp. Auth., No. 16-CV-02031-JFM, 2016 WL 6652712, at *9 (D.Md. Nov. 9, 2016) (emphasis added) (internal quotation marks and citations omitted). The ultimate question is whether a defendant "acted with the manifest intent of targeting Marylanders." Id. (citing Carefirst, 334 F.3d at 400). To that end, "[t]he Fourth Circuit has adopted a 'sliding scale' model for website-based specific jurisdiction." Id. On one end of the spectrum lies defendants who "clearly do[] business over the Internet," such as contractually engaging residents of the forum state through "repeated transmission of

7

computer files." Id. (quoting ALS Scan, 293 F.3d at 714). On the opposite end are defendants who operate "passive" websites that simply make information available to users in foreign jurisdictions. Id. Bridging the gap are defendants who operate "interactive" websites, where users can "exchange information with the host computer." Id.

Here, Big Birds characterizes CC Beauty's website as "interactive" and asserts that it sells the Products to Maryland residents through its website. (See Am. Compl. ¶ 6). Interestingly enough, Big Birds fails to make similar allegations as to Performance. The Amended Complaint merely identifies Performance's website, which Big Birds does not characterize as "interactive," and alleges that "[o]n information and belief, pursuant to an agreement with CC Beauty, Performance manufactures, advertises, and offers to sell beauty products under the PURE BRAZILIAN marks" (id. ¶ 8), conspicuously omitting any references to Maryland consumers. However, these allegations, standing alone, are insufficient to bring CC Beauty and Performance within this Court's jurisdictional reach, as there is no evidence that either company targeted Maryland residents at all and certainly no more than nonresidents. See Mike's Train House, 2016 WL 6652712, at *10 (declining to exercise personal jurisdiction where the plaintiff "has done nothing to target the residents of Maryland more than the residents of any other state" through its website).

Fourth, CC Beauty and Performance are not "deliberately engaged in significant or long-term business activities" in Maryland for the reasons discussed above. Moreover, neither company maintains product distributors in Maryland. (Feb. 10, 2020 Kaufman Decl. ¶¶ 12, 21). The salons that Big Birds identified as selling Pure Brazilian products—i.e., Medeline's Beauty Salone and Turning Heads—are not affiliated with Defendants and

8

have never been "certified" Product resellers. (July 21, 2020 Kaufman Decl. ¶¶ 18–21, ECF No. 46-2).

Fifth, the Court may reasonably infer that CC Beauty and Performance employees have never made in-person contact with Maryland residents regarding a business relationship since neither has employees or distributors in Maryland, and Medrick and Kaufman aver that they have never visited Maryland. (Medrick Decl. ¶ 4, ECF No. 24; Feb. 10, 2020 Kaufman Decl. ¶ 4).

In sum, Big Birds has failed to establish that CC Beauty and Performance have deliberately availed themselves of the privilege of conducting business in Maryland, such that this Court could reasonably exercise personal jurisdiction over them. As a result, the Court need not consider the remaining Carefirst factors.

This Court's conclusion is not altered by Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1067–68, 1080 (10th Cir. 2008), which Big Birds cites in support of its jurisdictional claims. In Dudnikov, the plaintiffs operated an online business from their home in Colorado by selling fabric through eBay. 514 F.3d at 1067. The defendants filed complaints with eBay, alleging that the plaintiffs' fabrics infringed on the defendants' copyrighted images, adversely affecting the plaintiffs' business with eBay. Id. Plaintiffs filed suit in Colorado seeking a declaratory judgment that their prints did not infringe the defendants' copyrights. Id. The defendants—a British corporation and a Delaware corporation with its principal place of business in Connecticut—moved to dismiss for lack of personal jurisdiction. Id. at 1067–68. The district court granted defendants' motion, but the United States Court of Appeals for the Tenth Circuit reversed. Id.

9

The Tenth Circuit concluded that the complaint sufficiently pled that defendants aimed tortious activities at Colorado because, although "defendants intended to send the [letter] to eBay in California, . . . they did so with the ultimate purpose of cancelling plaintiffs' auction in Colorado." Id. at 1075. The court also concluded that the lawsuit arose out of defendants' contacts with Colorado—namely their sending of the letter to eBay and the resulting harm that the plaintiffs sought "to have remedied: the cancellation of their auction and the black mark on their eBay record." Id. at 1078–80.

Dudnikov is irrelevant to this Court's analysis. First, Dudnikov is a Tenth Circuit decision that is not binding on this Court. Second, because Dudnikov is a Tenth Circuit decision, it did not consider Carefirst, which governs specific jurisdiction analyses in the Fourth Circuit. Relatedly, the Dudnikov court did not conduct a "purposeful availment" analysis under Consulting Engineers Corp., a Fourth Circuit framework applicable to corporate defendants. Third, as Defendants correctly note, the Dudnikov court's decision was premised on certain facts that have not been alleged here. Specifically, Big Birds has not alleged that its physical location was disclosed on its Amazon storefront such that Defendants would have known it was a Maryland-based business at the time the complaints were filed or that Defendants contacted Big Birds directly prior to, or even after, filing the complaints. Simply stated, Dudnikov is, at best, irrelevant and, at worst, inapposite to the case at hand.

Finally, as to the individual Defendants—Medrick and Kaufman—Big Birds also fails to allege sufficient facts establishing that they are subject to personal jurisdiction. The Amended Complaint is devoid of factual allegations demonstrating that Medrick and

10

Kaufman have any contacts with Maryland, let alone facts demonstrating that they purposefully availed themselves of the privilege of conducting activities in this forum as business owners. The Amended Complaint merely alleges that Medrick and Kaufman own CC Beauty and Performance, respectively, (Am. Compl. ¶¶ 9, 12), and that "[o]n information and belief, Medrick and Kaufman personally directed CC Beauty and Performance to direct Amazzia [a non-party] to file complaints" to Amazon alleging that Big Birds was selling counterfeit Pure Brazilian Products, (id. ¶ 81).

However, Medrick and Kaufman are not subject to this Court's jurisdiction merely because they own CC Beauty and Performance, particularly since the Court has already determined that the corporate Defendants are not subject to personal jurisdiction. See, e.g., Broadnax Bey v. Pedersen, No. DKC 15-3073, 2016 WL 3181763, at *3 (D.Md. June 8, 2016) (explaining that "[p]ersonal jurisdiction must be based on [the defendant's] personal contacts with Maryland, not merely his role as CEO"). Accordingly, Medrick and Kaufman are also entitled to dismissal of the Amended Complaint for lack of personal jurisdiction.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants CC Beauty Collection Inc., Performance Brands, Inc., Christine Medrick, and Stacy Kaufman's Motion to Dismiss Plaintiff's Amended Complaint for Lack of Personal Jurisdiction, Lack of Subject Matter Jurisdiction, and for Failure to State a Claim or, in the Alternative, to Transfer (ECF No. 34). A separate Order follows.

Entered this 28th day of August, 2020.

/s/ .
George L. Russell, III
United States District Judge